MILO S. FREEMAN *et al.*, trustees, plaintiffs in error, *vs.* ANNA L. FORT *et al.*, defendants in error.

Where the state court has acquired jurisdiction of a creditors' bill, and has the assets of the debtor within its custody, in the hands of a receiver, and said debtor is subsequently adjudged to be a bankrupt, it will not order said assets turned over to the trustees appointed by the United States court under the provisions of the bankrupt act, upon their mere petition.   When the United States court shall enjoin the complainants in the creditors' bill from proceeding in the state court to have their claims adjudicated, then it would be the duty of the latter court to turn over to the trustees the assets in its custody, to be administered by the bankrupt court.

Equity.   Bankrupt.   Jurisdiction.   Before Judge HILL. Bibb Superior Court.   April Term, 1874.

For the facts of this case, see the decision.

LANIER & ANDERSON ; T. B. GRESHAM, for plaintiffs in error.

WHITTLE & GUSTIN ; S. D. IRVIN ; POE, HALL & LOFTON, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that a creditors' bill was filed in the superior court of Bibb county in behalf of sundry creditors against Burr, Flanders and Wiley, part-

ners, under the name of Burr & Flanders, alleging that said copartnership, and the individual members thereof, were insolvent, praying for an injunction and the appointment of a receiver. The injunction prayed for was granted, and a receiver appointed. By the interlocutory orders of the chancellor, some of the property was sold, and the proceeds thereof, as well as the other property and effects, was in the hands of the receiver, or receivers, (as there appears to have been two of them) appointed by the court. Pending this creditors' bill the firm of Burr & Flanders, and the individual members thereof, were adjudicated bankrupts by the United States district court for the southern district of Georgia, upon the petition of the City National Bank of Chattanooga, one of the creditors of said firm of Burr & Flanders, and Wiley, who was a member thereof, but the City Bank of Chattanooga was no party to the creditors' bill filed in the state court. Freeman and Holt were appointed assignees or trustees, in accordance with the provisions of the bankrupt act of congress, to take charge of the estates of said bankrupts, and to administer the same under said act. The assignees or trustees so appointed, petitioned the superior court of Bibb county to order the money, property and effects, in the hands of its receivers, belonging to the estates of the bankrupts, to be turned over to them, so that a proper distribution thereof might be made under the bankrupt act of congress. Upon hearing this petition the court refused to grant it, holding that when the federal court having jurisdiction of the matter shall enjoin the complainants from further proceeding in the state court in relation to the matters in controversy in the creditors' bill, and requiring them to litigate and adjudicate in the bankrupt court, then the motion as to turning over the property and funds will be in order for consideration and adjudication by this court, but for the present, and as matters now stand, the motion is refused. Whereupon the petitioners excepted.

The only question is as to what was the legal duty of the state court. The state court had acquired jurisdiction of the parties to the creditors' bill and the property in its custody at

Freeman *et al. vs.* Fort *et al.*

the time the defendants were adjudged to have been bank-rupts by the bankrupt court, for the purpose of deciding the respective claims and liens which the creditors had on the property of the defendants under the laws of this state.   It is conceded that the bankrupt court has exclusive jurisdiction in administering the assets of the bankrupt's estate, whenever it may deem it proper to exercise that jurisdiction.   It may enjoin the creditors of the defendants from proceeding, on a proper case being made, against the assets of the bankrupts in this case, but until it shall have done so the state court will not surrender its jurisdiction over the property in its custody on the mere motion of the assignees, and then proceed to ad-judicate the rights, liens and claims of the creditors to the property and effects of the defendants under the laws of the state, when it had parted with the custody of the identical property which was the subject matter of litigation.   In the event the state court should do so, its decree would be a fruit-less one.   When the assignees of the bankrupts shall make a proper case which will authorize the bankrupt court to en-join the complainants in the creditors' bill from proceeding in the state court to have their respective claims and liens adju-dicated in that court, and shall obtain the sanction of the bankrupt court for that purpose, then, and not until then, would it be the duty of the state court to turn over to the assignees the assets in its custody, to be administered by the bankrupt court.   Inasmuch as the state court had acquired the jurisdiction and custody of the defendant's property and effects for the purposes specified in the creditors' bill before they were adjudged bankrupts, the assignees cannot accom-plish the object sought by them on a mere motion, without first instituting regular proceedings for that purpose in the bankrupt court.

Let the judgment of the court below be affirmed.