[No. 4222.  Decided March 20, 1902.]

THE STATE OF WASHINGTON *on the Relation of C. A. Heckman* v. SUPERIOR COURT OF KING COUNTY.

BANKRUPTCY — EFFECT OF ADJUDICATION UPON ACTION PENDING IN STATE COURT.

An adjudication of bankruptcy, made in the federal court under the United States bankruptcy law, will not deprive a state court of jurisdiction in a pending suit, in which such bankrupts are involved as parties. (*State ex rel. Strohl v. Superior Court*, 20 Wash. 545, explained.)

*Original Application for  Prohibition.*

*J. L. Finch,* for relator.

*Richard Saxe Jones,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—The relator, Heckman, applied for an alternative writ of prohibition to the superior court of King county.  He stated that a suit was pending in the superior court, wherein William Curtis was plaintiff and relator and Hanson were defendants, and Larsen was receiver; that relator was interested beneficially therein; that on the 17th day of January, 1902, relator and Hanson as co-partners, were adjudged bankrupts in the United States district court; that said suit in the superior court was founded upon a claim against said co-partners from which a discharge in bankruptcy could be given, and that said suit was pending at the time of the filing of the petition in bankruptcy.  That thereafter, on the 6th day of March, 1902, the said receiver moved the superior court for an order confirming the sale of certain property for the sum of $24,000, which property was owned by relator and Hanson as co-partners and then in the custody of the re-

ceiver, and which sale was going to be made after the adjudication that such co-partners were bankrupts, and after knowledge on the part of the receiver and of the superior court of the adjudication in bankruptcy, and after the appearance of relator in the superior court and his objection to confirmation of such sale on the ground that the court was without jurisdiction to further proceed. There were some other statements relative to the action of the superior court in regard to time for the examination of the receiver's accounts and matters of like nature. These are deemed immaterial to notice. When the application for the writ was made, it was suggested by counsel for relator that opportunity had not been afforded relator to ascertain fully all the facts relating to the procedure in the superior and the bankruptcy courts. An order to show cause why the writ should not issue was granted. Upon the return of the order it appears that the suit in the superior court was commenced in July, 1901, against the said co-partners, and the receiver, Larsen, appointed therein under the direction of the court, took possession of the property of the co-partnership, and, after the adjudication that the co-partners were bankrupts, the district court of the United States temporarily restrained the receiver Larsen from further proceedings, but thereafter dissolved such order, and that the superior court is proceeding to close such receivership.

The only inquiry here is into the jurisdiction of the superior court in the premises. There seems to have been for some time considerable uncertainty in the view of the courts as to the effect of the enactment of the federal bankruptcy law upon the jurisdiction of the state tribunals when insolvent debtors became involved in such proceedings, but it seems to be now settled that the mere enact-

ment of the bankruptcy law does not oust the state courts of their jurisdiction. *State ex rel. Strohl v. Superior Court,* 20 Wash. 545 (56 Pac. 35), also annotations in 45 L. R. A. 177. The observation at the conclusion of the opinion in this case, "Unquestionably, upon such adjudication the power of the state court to proceed further ceases," was not involved in the decision, and such expression, without qualification, is incorrect. It is also determined by the highest authority that the adjudication of bankruptcy in the federal court of persons who may be parties in a suit pending in the state court does not of itself deprive the state court of jurisdiction in such case. The supreme court of the United States in *Eyster v. Gaff,* 91 U. S. 521, observes:

"It is a mistake to suppose that the Bankrupt Law avoids of its own force all judicial proceedings in the state or other courts the instant one of the parties is adjudged a bankrupt. There is nothing in the act which sanctions such a proposition. . . . . The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the circuit and district courts of the United States, it is concurrent with and does not divest that of the state courts."

The duty of the state court is very well expressed by the supreme court of Georgia in *Freeman v. Fort,* 52 Ga. 371:

"When the assignees of the bankrupts shall make a proper case which will authorize the bankrupt court to enjoin the complainants in the creditors' bill from proceeding in the state court to have their respective claims and liens adjudicated in that court, and shall obtain the sanction of the bankrupt court for that purpose, then, and not until then, would it be the duty of the state court to turn over to the assignees the assets in its custody, to be

administered by the bankrupt court. Inasmuch as the state court had acquired the jurisdiction and custody of the defendant's property and effects for the purposes specified in the creditors' bill before they were adjudged bankrupts, the assignees cannot accomplish the object sought by them on a mere motion, without first instituting regular proceedings for that purpose in the bankrupt court."

Upon the facts shown, the superior court is within its jurisdiction, and the writ is denied.

ANDERS, HADLEY, FULLERTON, MOUNT, DUNBAR and WHITE, JJ., concur.