JOHN POWERS, APPELLANT, V. AUGUST SPIEDEL ET AL.,
APPELLEES.

FILED JUNE 11, 1909. No. 15,694.

1. **Vendor and Purchaser:** DEEDS: RECORDING. If a deed conveying the real estate of a corporation is properly executed and acknowledged and delivered to the register of deeds for record, the grantee will not be prejudiced by the failure of said official to record the imprint of the corporate seal.

2. **Deeds:** ACKNOWLEDGMENT. "A certificate of acknowledgment is sufficient if it shows that the requirements of the statute have been complied with in substance." *Burbank v. Ellis*, 7 Neb. 156.

3. **Deeds of Corporation:** ACKNOWLEDGMENT: RECORD: NOTICE. The certificate of a notary public that the president of a corporation appeared before him and acknowledged as his voluntary act and deed a conveyance duly signed, sealed and witnessed by said corporation entitles said instrument to record, and the record thereof is constructive notice of the grantee's interest in the property thereby conveyed.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wright & Wright,* for appellant.

*L. L. Raymond* and *Wilcox & Halligan, contra.*

ROOT, J.

Suit to quiet title to real estate. Decree for defendants and plaintiff appeals.

February 7, 1895, the land in controversy was owned by the Bank of Gering, a corporation, and on said day was sold and conveyed by said bank to one Vickrey. The deed was duly recorded on the 12th day of that month. February 19, 1895, Vickrey conveyed the land to defendant, August Spiedel, who recorded his deed December 16, 1895. August 16, 1899, plaintiff purchased said land from said bank, taking a quitclaim deed therefor, which he duly recorded. The land was unimproved and unoccupied. Plaintiff took possession thereof immediately

upon receiving his deed and has occupied it from thence hitherto.

1. The court found that plaintiff at the time of his purchase had notice of August Spiedel's interest in said land. Plaintiff argues that .the conveyance to Vickrey was not attested by the corporate seal of said bank, and therefore is void.    The record of the deed does not disclose that a seal was used by the bank, but the original deed was produced and received in evidence on the trial and the imprint of said seal is on the deed.    Plaintiff claims that the seal was attached subsequently to the recording of the instrument, but the evidence preponderates the other way. The fact that the county clerk failed to correctly record the deed will not prejudice the rights of the grantee therein, nor of those holding under him. *Perkins v. Strong,* 22 Neb. 725; *Deming v. Miles,* 35 Neb. 739.

2. It is argued that the deed to Vickrey was not acknowledged so as to entitle it to record, and hence the record thereof was not notice to plaintiff.    The deed is signed "Bank of Gering, by L. H. Jewett, President," and the acknowledgment is as follows: "Be it remembered that on the 7th day of February, 1895, before the undersigned, J. G. Maulick, a notary public in and for said county, personally came L. H. Jewett, Pres. of the Bank of Gering, Neb., to me well known to be the identical person described in and who executed the foregoing deed as grantor and acknowledged said instrument to be his voluntary act and deed."    The certificate of acknowledgment was otherwise regular.  Section 4129, Ann. St. 1907, provides: "It shall be lawful for any corporation to convey lands by deed, sealed by the common seal of said corporation, and signed by the president or presiding officer of the board of directors of the corporation; and such deed, when acknowledged by such officer to be an act of the corporation, or proved in the usual form prescribed for other conveyances for lands, shall be recorded in the clerk's office of the county in which the lands lie, in like manner as other deeds."

Plaintiff argues that the president of the bank did not acknowledge the deed as the act of the corporation, but as his individual act and deed. We, however, are of the opinion that, although the acknowledgment is irregular, it is sufficient in substance to entitle the deed to record. The deed is regular in all other respects and signed for the corporation by the president who acknowledged the deed. The bank could only act through its officers, and the statute explicitly authorizes its president to sign its deeds. In connection with the recitations in the deed and the signature thereto, the reasonable explanation is that Jewett acknowledged the execution of said instrument for and on behalf of the corporation. Under a similar statute it was held that an acknowledgment almost identical with the one in the instant case was that of the corporation. *City of Kansas City v. Hannibal & St. J. R. Co.*, 77 Mo. 180. See, also, *Muller v. Boone,* 63 Tex. 91; *Tenney v. East Warren Lumber Co.,* 43 N. H. 343; *McDaniels v. Flower Brook Mfg. Co.,* 22 Vt. 274. Plaintiff purchased the land for $25, taking a quitclaim deed without examining the records, or having any one else examine them for him, and, as he says, without knowledge of their contents, and has paid but one year's taxes on the property since 1899. If plaintiff did not have actual he had constructive notice, at the time he received the bank's deed, that defendants were the owners of the land in dispute.

The judgment of the district court is right and is

AFFIRMED.