[No. 12830. Department Two. February 5, 1916.]

H. P. WHITE, *Appellant*, v. ED. POWERS *et al.*, *Respondents*.[1]

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—LIENS—ON CHATTELS
—FORECLOSURE. Rem. & Bal. Code, §§ 1105-1107, providing that chat-
tel liens, under § 1157, shall be foreclosed as in the case of chattel
mortgages by placing in the hands of the sheriff a notice, to be per-
sonally served as in the case of a summons (which may be by publi-
cation in case the defendant cannot be found within the state, of
which the sheriff's return that he cannot be found in the county shall
be *prima facie* evidence), which notice shall be authority for taking
immediate possession of the property, provides for due process of
law, in that it provides for notice and opportunity to be heard
through the property owner's right to remove a cause to the superior
court and contest the foreclosure; although it allows foreclosure of
a lien against a resident of the state without personal notice.

LIENS—CHATTLE LIENS—FORECLOSURE—NOTICE—NECESSITY—DUE
PROCESS OF LAW. Under Rem. & Bal. Code, §§ 1105-1107, requiring
notice of a chattel foreclosure to be personally served as in the case
of a summons, and if the mortgagor cannot be found in the county,
then by publication as in the case of a sale on execution, a foreclosure
is void, as being without due process of law, where the sheriff's re-
turn showed no certificate either of service of the notice on the
mortgagor or that he could not be found in the county.

Appeal from a judgment of the superior court for Lincoln
county, Sessions, J., entered March 1, 1915, upon sustaining
a demurrer to the complaint, dismissing an action of replevin.
Reversed.

*Hibschman & Dill (C. H. White, of counsel), for appellant.*

HOLCOMB, J.—On October 14, 1913, one W. G. Nelms
was the owner of a certain Avery Truck automobile, with
the serial number 953, motor number 8,681, and on that day
one E. A. Johnson performed labor and skill and furnished
material in repairing it, amounting to $13.50.

On December 22, 1913, Johnson, through his agent, filed a
written notice of lien upon the automobile truck, describing
it, in the office of the county auditor of Lincoln county, Wash-

[1]Reported in 154 Pac. 820.

ington, the filing and form of notice of lien complying with the provisions of Rem. & Bal. Code, § 1155 (P. C. 309 § 165).

On December 29, 1913, Johnson, through his attorney, delivered to the sheriff of Lincoln county a copy of the chattel lien notice, and demanded that the sheriff take possession of the automobile and sell it for the satisfaction of the lien claim. The sheriff accordingly, on that date, took into his possession the automobile, and prepared and posted in three public places in the county a notice reciting the claim of lien, the name of the owner of the automobile, and the default in payment, and giving notice of sale of the automobile more than ten days thereafter on January 9, 1914, at a specified place, at 10 o'clock a. m. The notice was signed by the attorney for the lien claimant as well as by the sheriff. On January 9, 1914, sale was made pursuant to the notice, for the sum of $38.85, to the lien claimant, to satisfy his claim and costs, in all aggregating the amount for which the property was bid in, and of all of which the sheriff made return to the county auditor on the same day.

On July 9, 1914, appellant filed his complaint against respondents, alleging the foregoing facts, and further alleging that, at all the times mentioned, Nelms was a resident of Spokane county, Washington, and was not, at any of the times mentioned, present in Lincoln county; that no notice of any kind was given to Nelms, except the posted notice of sale; that defendants obtained possession of the automobile by reason of some transaction with Johnson, and that in so doing they and Johnson ignored the rights of Nelms and of appellant, and respondents claim to have the title to the automobile by reason thereof and of the lien and foreclosure proceedings of Johnson, and not otherwise; that all of the proceedings to establish and foreclose the chattel lien were had under and by virtue of statutes relating thereto (specifically mentioned), but that the statutes relied upon are unconstitutional and void under the constitution of Washington and the fourteenth amendment to the constitution of the United States,

and attempted to deprive Nelms of his property without due process of law; that Nelms duly conveyed all his right, title, and interest in the property to appellant by bill of sale, and his claims and demands for damages by an instrument in writing on May 7, 1914; that appellant is now the owner thereof; that the automobile was, at the time of sale referred to and now is, of the value of $1,500, and that Nelms, prior to May 7, 1914, had been injured and damaged by the detention thereof by respondents in the sum of $1,000. For the recovery of the automobile or the value thereof, and $1,000 damages for its detention, judgment was demanded. Defendants demurred upon all the statutory grounds. The demurrer was sustained and the action dismissed upon appellant refusing to further plead.

The statute providing for a chattel lien in such cases as this provides (Rem. & Bal. Code, § 1157 [P. C. 309 § 169]) that the lien may be foreclosed by the same two optional methods of procedure provided for the foreclosure of chattel mortgages. Rem. & Bal. Code, §§ 1105, 1106, 1107 (P. C. 349 §§ 13, 15, 17), provide that chattel mortgages may be foreclosed by placing in the hands of the sheriff of the county a notice containing a full description of the mortgaged property with a statement of the amount due, signed by the mortgagee or his attorney; that the notice shall be *personally served* in the same manner as is provided by law for the service of a summons; that if the mortgagor *cannot be found in the county* where the mortgage is foreclosed, notice must be published in the same manner and for the same length of time as required in cases of the sale of like property on execution; that is, by posting written or printed copies of the notice of sale in three public places in the county for a period of not less than ten days prior to the date of sale; that such notice shall be sufficient authority for the officer to take the mortgaged property into his immediate possession. These provisions of the statute were complied with, except that the sheriff made no certificate either of service of the notice of

sale upon Nelms, or that he could not then be found in the county. The sheriff's proceeding was, therefore, *prima facie* defective. Appellant alleges that Nelms was not, at any of the times recited in the proceedings, present in Lincoln county, thus affirmatively showing that the prerequisite of "not found in the county" then existed, and a constructive basis of notice by publication in the manner provided by the foreclosure statute might have been certified by the sheriff.

The statute relating to foreclosure of chattel mortgages, upon which this proceeding was based, provides that the notice shall be personally served in the same manner as provided by law for the service of a summons. The law providing the manner of serving a summons (Rem. & Bal. Code, § 226, subd. 12 [P. C. 81 § 143-5]) provides that the summons shall be served by delivering a copy thereof to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein. Section 228, Rem. & Bal. Code (P. C. 81 § 149), provides that, when the defendant cannot be found within the state (of which the return of the sheriff of the county in which the action is brought that the defendant cannot be found in the county is *prima facie* evidence), and upon the filing of an affidavit of the plaintiff, his agent, or attorney, stating that he believes that the defendant is not a resident of the state or cannot be found therein, and that he has deposited a copy of the summons and complaint in the post office directed to the defendant at his place of residence, unless he has stated in his affidavit that such residence is not known to the affiant, and stating, among other things, that the defendant is not a resident of the state but has property therein and the court has jurisdiction of the subject of the action, the service may be made by publication of the summons. It is provided, however, in § 1106, relating to service of notice of a sale under a chattel mortgage, that if the mortgagor cannot be found in the county where the mortgage is being foreclosed, it shall not be necessary to adver-

tise the notice or affidavit in a newspaper, "but the general publication directed in the next section shall be sufficient service upon all the parties interested." The "next section" is Rem. & Bal. Code, § 1107 (P. C. 349 § 17), which provides that, after notice has been served upon the mortgagor, it must be published in the same manner and for the same length of time as required in cases of the sale of like property on execution.

I.    Reading and construing these provisions of the various statutes together, it is plain that the legislative enactments intended to provide for due notice and, therefore, due process of law.    Appellant contends that a statutory enactment which allows foreclosure of a lien against a resident of the state without personal notice violates the constitutional provisions, art. 1, § 3, constitution of Washington, and amendment fourteen, U. S. Const.    There are some authorities which support this view and hold that, where the owner of personal property resides within the state, foreclosure of a chattel mortgage or other lien upon the same can only be lawfully made by giving the owner reasonable notice aside from the mere seizure of the property, and constructive service is insufficient to confer jurisdiction.    But that has never been universally followed.    Due process of law means according to established forms of law, and the requirement is satisfied by the grant of a right to proceed in equity.    *Sisson v. Board of Supervisors of Buena Vista County*, 128 Iowa 442, 104 N. W. 454, 70 L. R. A. 440.    In this state it has never been questioned that the proceeding to foreclose a chattel mortgage by notice of sale and by such constructive service of notice as the statute provides, if substantially followed, is valid.    It was stated in *State v. Allen*, 2 McCord (S. C.) 55:

"I think therefore that any legal process which was originally founded in necessity, has been consecrated by time, and approved and acquiesced in by universal consent, must be an exception to the right of trial by jury, and is embraced in the alternative 'the law of the land.' "

To the same effect are *In re Hackett*, 53 Vt. 354, and *Weimer v. Bunbury*, 30 Mich. 200.

It will be observed that both the statutes relating to foreclosure of liens upon chattels and relating to foreclosure of chattel mortgages provide that the debtor, or any person interested, may remove a cause to the superior court and contest the right to foreclose as well as the amount claimed to be due. This proceeding recognizes the universal principle adopted in the law of the land that "due process of law means an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard; and where such opportunity is granted by the law a citizen cannot complain of the procedure to which he is required to conform." *State ex rel. Barber Asphalt Paving Co. v. District Court of St. Louis County*, 90 Minn. 457, 97 N. W. 132. There is no vested right in any particular remedy or form of proceeding. A general law administered in its regular course according to the form of procedure suitable and proper to the nature of the case, conformably to the fundamental rules of right and affecting all persons alike, is due process. *People v. Apfelbaum*, 251 Ill. 18, 95 N. E. 995. The essential elements of due process of law are notice and opportunity to defend, but due process does not require that any particular form of proceedings be observed, but only that the same shall be regular proceedings in which notice is given of the claim asserted and an opportunity afforded to defend against it. *Smith v. State Board of Medical Examiners*, 140 Iowa 66, 117 N. W. 1116; *Public Clearing House v. Coyne*, 194 U. S. 497.

In this state it was held that a statute giving servants, clerks, laborers, etc., the right to claim from the proceeds of execution or attachment sale of the property of their employers any amount not exceeding $100 due them for services rendered within sixty days next preceding the levy of the writ, *and providing for the litigation of such claims if disputed*, is not open to the objection that it deprives one of his

property without due process of law. *Gleason v. Tacoma Hotel Co.*, 16 Wash. 412, 47 Pac. 894. It has also been held that, in proceedings *in rem*, constructive service by publication is sufficient to give validity to a judgment purely *in rem*, and constitutes due process of law. *Wilson v. Beyers*, 5 Wash. 303, 39 Pac. 90, 34 Am. St. 858. The case of *Anderson v. Great Northern R. Co.*, 25 Idaho 433, 138 Pac. 127, cited by appellant, is in consonance with our views. In that case it was said:

"No process is 'due process' which does not give notice, either actual or constructive, and no 'taking of property' for debt is lawful unless the debt has been created with the knowledge and consent of the debtor. This knowledge and consent may be constructive so far as it is necessary to create a charge against property, but the statute which furnishes the constructive notice must provide process by which the claims may be measured and established so that the property owner may have a ready and certain method of knowing or ascertaining his liability. No such method is furnished by the statute under discussion."

We think the case states the law correctly, but it does not apply to our statutes for foreclosing chattel mortgages or chattel liens. Our statutes provide for due process, in that they provide for notice and for an opportunity to be heard in court to measure the claims and rights of the parties.

II. In *Robertson v. Mine & Smelter Supply Co.*, 15 N. M. 606, 110 Pac. 1037, the opinion reads as follows:

"It appears that a suit was brought to foreclose a material man's lien upon a mining claim and decree of foreclosure was awarded. The appellants, owners of the property, were not served with process of any kind. Upon notice of a proposed sale under the decree of foreclosure appearing in the local newspaper, the appellants brought an action to enjoin the sale. The court below refused the injunction and dismissed the complaint, from which judgment the appellants appeal.

"The foreclosure proceedings plainly violated the 'due process of law' clause of the 14th amendment of the Constitution

of the United States. The essential elements of due process of law, as applied to matters of this kind, are notice and opportunity to be heard. *Simons v. Craft*, 182 U. S. 427, 436. The judgment of foreclosure was, therefore, absolutely void as against appellants, the owners of the property."

That case is applicable to the case before us, for the reason that, in the case before us, the owner of the property and lien debtor was not served with process of any kind, but attempt was made to proceed upon purely constructive notice without any certificate and showing of necessity therefor, the lien debtor being at the time a resident of the state and not even a *prima facie* showing being made to the contrary. The proceedings in this case, therefore, plainly violated the due process of law clauses of the state and Federal constitutions, although in our opinion the statutes sufficiently comply with those constitutional requirements. The statutes themselves were not complied with. The sale was therefore void.

The judgment is reversed, and the cause remanded with instructions to reinstate the cause and overrule the demurrer.

MORRIS, C. J., PARKER, BAUSMAN, and MAIN, JJ., concur.