[No. 17429. Department One. March 8, 1923.]

INLAND FINANCE COMPANY, *Appellant*, v. J. B. INGERSOLL COMPANY *et al.*, *Defendants*, CHARLES L. COFFMAN, *Respondent.*[1]

APPEAL (365)—REVIEW—SCOPE IN GENERAL—QUESTIONS CONSIDERED. Upon appeal from a judgment determining defendant's title to chattels, under its chattel mortgage and sheriff's foreclosure thereof, to be superior to all other liens, appellant cannot claim that defendant was estopped by its original answer (pleading title through the foreclosure) from asserting the mortgage as a superior lien, especially when the mortgage was valid and was properly foreclosed.

ACKNOWLEDGMENT (3)—CHATTEL MORTGAGES (16)—SUFFICIENCY OF ACKNOWLEDGMENT. An acknowledgment of a corporate chattel mortgage is a sufficient compliance with Rem. Comp. Stat., § 10567, where the mortgage and affidavit of good faith bear the same date as the acknowledgment, and both were signed J. B. I. Co. by J. B. I. President, although the acknowledgment recited that "personally appeared J. B. I. to me known to be the individual, etc." who executed the instrument and acknowledged that he signed the same "as president of said corporation free and voluntary act and deed."

CHATTEL MORTGAGES (64-1)—CONSTITUTIONAL LAW (137)—DUE PROCESS—FORECLOSURE—NOTICE—PARTIES—RECEIVER OF CORPORATION. The procedure for the foreclosure of a chattel mortgage provided by Rem. Comp. Stat., § 1104, by sheriff's notice served on the mortgagor, which shall be sufficient notice to all parties interested, constitutes due process of law, provided the steps prescribed are followed, although a notice is not personally served upon a receiver appointed for the mortgagor.

[1] Reported in 213 Pac. 679.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 8, 1922, in favor of the defendant, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*O. C. Moore,* for appellant.

*Jack, Zent & Farley,* for respondent.

MITCHELL, J.—The J. B. Ingersoll Company, a corporation, on October 1, 1920, owned an automobile truck. On that date it placed the truck in storage in a warehouse, taking a warehouse receipt, by the terms of which it was agreed by the warehouse company to deliver the truck to the J. B. Ingersoll Company, or order, upon the surrender of the receipt and payment of the storage charges. On April 12, 1921, the owner of the truck executed and delivered to Charles L. Coffman its promissory note in the sum of $3,000, due in thirty days, and at the same time gave a chattel mortgage on the truck to secure the payment of the note. The mortgage was duly filed and recorded in the office of the county auditor in the manner provided by law, on April 13, 1921. Thereafter, on June 14, 1921, the owner of the truck executed and delivered to the Inland Finance Company, a corporation, a promissory note in the sum of $2,800, due July 14, 1921, and at the same time gave a chattel mortgage on the truck to secure the payment of the note, and at the same time surrendered to the Inland Finance Company the order warehouse receipt, not indorsed, as further security for the payment of the note. Thereafter the J. B. Ingersoll Company became insolvent, and on August 1, 1921, J. C. Duncan was appointed, and at all times since has acted, as receiver of the insolvent corporation.

On August 4, 1921, the debt due Charles L. Coffman not having been paid, he foreclosed the chattel mort-

gage given to him, by the statutory method of fore-
closure and sale through the sheriff's office, as pro-
vided by § 1104 *et seq.*, Rem. Comp. Stat. Coffman be-
came the purchaser of the truck for the sum of $2,924
at the sheriff's sale and received the sheriff's bill of
sale therefor. Thereafter the present action was com-
menced in the superior court by the Inland Finance
Company against the J. B. Ingersoll Company, J. C.
Duncan, as receiver, and Charles L. Coffman to re-
cover judgment against the maker of the note and to
foreclose the chattel mortgage given to and held by the
plaintiff. The J. B. Ingersoll Company and J. C. Dun-
can, as receiver, made no appearance in the case and
both were adjudged to be in default.

Charles L. Coffman, in his amended answer, after
appropriate general denials, set up as an affirmative
defense the note and chattel mortgage given to him,
the due recording of the mortgage, the nonpayment of
the note other than a small part of it, the foreclosure of
the chattel mortgage by notice and sale through the
sheriff's office, and of his becoming the purchaser of
the truck and receiving the sheriff's bill of sale there-
for.

The plaintiff, by a reply, in addition to appropriate
denials of the matter contained in the affirmative de-
fense of the answer, further alleged, in effect, that in
the original answer Charles L. Coffman had elected
to rely upon, and should be adjudged to have elected
to rely and stand upon, the foreclosure of his alleged
mortgage and the pretended title thereby obtained
through the foreclosure, and that said defendant is,
and should be adjudged to be, estopped from relying
upon his chattel mortgage. On the trial of the action,
so far as it relates to the truck, it was adjudged that
Charles L. Coffman is the owner of and entitled to
the possession of it; that his title to it be quieted as

to all the other parties, and all persons claiming by, through or under them by way of asserting any claim of lien, charges or incumbrances thereto or thereon. The plaintiff has appealed.

By appellant's demurrer to the affirmative defense in the amended answer, and by its affirmative reply to that same matter, both assigned on the appeal as errors, it appears to be argued that the respondent is estopped from asserting the validity of its mortgage as a superior lien at this time because, as it is claimed and alleged, the respondent, by its original answer, elected in its affirmative defense to rely upon the validity of the mortgage foreclosure and sale through the sheriff's office as giving it title to the truck. Assuming the construction of the amended answer contended for to be justified, the point presented is not involved in the appeal, as that portion of the judgment appealed from determines that the title and right of possession of the truck are already in the respondent free and clear of any claim of lien, charge or incumbrance at the instance of the other parties, and any and all persons claiming by, through or under them. Especially is this so if it be the case, as we think it is, that respondent's mortgage was a valid one and properly foreclosed, as appears by the proof in this case.

Further, it is contended that the mortgage to Coffman was defective to the extent that it was not entitled to be recorded and did not create a lien superior to the lien of appellant's mortgage, since the acknowledgment does not, by its wording, purport to have been made by an officer of, or on behalf of, the J. B. Ingersoll Company, a corporation, and does not state, as required by statute, that it was made by authority of that corporation. The mortgage, affidavit of good faith and acknowledgment all bear the same date. The body of the mortgage is signed "J. B. Ingersoll Co. by J. B.

Ingersoll Pres." In the affidavit of good faith, J. B. Ingersoll, who signed it, is shown to have sworn that he was the president of the mortgagor. The acknowledgment, which was taken by the same notary public before whom the affidavit of good faith was subscribed and sworn to, states that "personally appeared J. B. Ingersoll, to me known to be the individual described in and who executed the within instrument and acknowledged that he signed and sealed the same as the president of said corporation free and voluntary act and deed." While it may be somewhat technically inaccurate as compared with the form that § 10567, Rem. Comp. Stat., prescribes shall be *substantially* followed, we are convinced it is sufficient upon the authority of *Richmond v. Voorhees,* 10 Wash. 316, 38 Pac. 1014; *Powers v. Spiedel,* 84 Neb. 630, 121 N. W. 968; and *Withrell v. Murphy,* 154 N. C. 82, 69 S. E. 748.

Further, it is contended on the authority of *Denny v. Cole,* 22 Wash. 372, 61 Pac. 38, 79 Am. St. 940, that the foreclosure of respondent's mortgage was ineffectual and invalid because notice thereof was not given to the receiver of the J. B. Ingersoll Company. The *Denny v. Cole* case, *supra,* announces the rule that a receiver appointed to take charge of property pending suit for the dissolution of an insolvent corporation has such an interest in the assets of the partnership as to make him a necessary party in an action to foreclose a lien on any part of the partnership property. That, however, was a proceeding in court wherein it is required to bring in all parties necessary to a complete determination of the controversy, according to the general rule; and is not authority for asserting the invalidity of respondent's foreclosure, assuming the procedure therefor provided in § 1104 *et seq.,* Rem. Comp. Stat., constitutes due process of law; as we have decided it does in *White v. Powers,* 89 Wash. 502, 154 Pac. 820,

and provided the steps prescribed by those sections were complied with in the foreclosure of respondent's mortgage, as we think was done.

It is also contended that respondent's foreclosure was futile as against the rights of the appellant because the latter was not given any notice of the foreclosure and sale. But the record in the case shows that the sheriff followed the requirements of the statute, which was notice to the appellant, and besides, the appellant in the present case has been permitted to call in question not only the validity of respondent's mortgage, but each and every step in the proceeding by which it was foreclosed, to the same extent it could have done so had it removed that foreclosure proceeding to the superior court as provided for in § 1110 of the code.

The receiver never took possession of the truck. It remained in the possession of the J. B. Ingersoll Company, through the warehouse at which it was stored. In making the levy the sheriff actually seized the truck and displayed it for the purpose of making the sale, whereat Coffman became the purchaser, was given possession of it and received the sheriff's bill of sale therefor. Notice of the foreclosure was served by the sheriff on the J. B. Ingersoll Company, in the proper county, by delivering to and leaving with I. B. Hunt, vice president of the J. B. Ingersoll Company, personally, a true copy, etc., as required by § 1106 of the code, more than ten days prior to the sale, of which sale statutory notice was duly posted and given. The statute just referred to provides that such notice, after service upon the mortgagor, shall be sufficient service upon all parties interested; while § 1110 of the code provides that the right of the mortgagee to foreclose, as well the amount claimed to be due, may be contested by any person interested by having the proceedings trans-

ferred to the superior court, for which purpose an injunction may issue if necessary. This is the preservation of the principle of due process of law as announced in the case of *White v. Powers, supra.* As it appears from the record in this case, no such removal was had or attempted by this appellant, or any other person, nor has appellant shown in the present case any reason for a reversal of the judgment from which the appeal has been taken.

Affirmed.

PARKER, HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.