[No. 19728.  Department Two.  April 13, 1926.]

INTERNATIONAL HARVESTER COMPANY OF AMERICA, *Respondent*, v. FIRST NATIONAL BANK OF LIND, *Appellant*.[1]

[1] CHATTEL MORTGAGES (64-1)—CONSTITUTIONAL LAW (140) — DUE PROCESS—STATUTORY FORECLOSURE—NOTICE. Rem. Comp. Stat. § 1110, authorizing any person to contest the right to foreclose a chattel mortgage by notice, as well as the amount claimed to be due, constitutes due process of law; so that one who fails to contest a foreclosure notice stating the amount claimed to be due, as provided by Id. § 1105, is bound by such amount and cannot recover an alleged excess on the theory that the sheriff's proceedings were not regular.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered August 19, 1925, upon findings in favor of the plaintiff, in an action for money had and received, tried to the court. Reversed.

*Lovell & Ott* and *C. H. Brittenham,* for appellant.

*E. H. Belden,* for respondent.

MITCHELL, J.—Plaintiff and defendant each held a chattel mortgage executed by the same person on the same property. The one to the defendant bank was first in time, and each was duly recorded. The bank foreclosed the mortgage to it by the statutory method of foreclosure and sale through the sheriff's office, as provided by Rem. Comp. Stat., § 1104 *et seq.* The bank became the purchaser at the sheriff's sale of all the property, for an amount equal to the expenses of the

[1]Reported in 245 Pac. 14.

sale and the several amounts due the bank, as those amounts were specifically stated in the sheriff's notice of sale.

Thereafter the plaintiff brought this action against the bank to recover certain amounts which it was alleged the sheriff had erroneously included in the notice of sale as due to the bank, and also the purchase price of certain chattels sold at the sheriff's sale, which were alleged to have been covered by plaintiff's mortgage, but not included in the mortgage to the bank. On the trial of the case, findings of fact and conclusions of law were entered in favor of the plaintiff, International Harvester Company of America, to the extent only that the sheriff included in his notice of sale an item due the bank in excess of what it should have been, and judgment was entered against the bank in the amount of such excess. The bank has appealed.

[1] The findings made by the trial court are accepted by the appellant, whose contention is that they do not warrant the conclusion and judgment entered. The contention has merit. The court found "that the proceedings in the said sheriff's mortgage sale were all done in accordance with the law and were due and regular." Section 1105, Rem. Comp. Stat., speaking of the notice the sheriff shall give, says it shall contain "also a statement of the amount due." The notice in this case did so, as already observed. Section 1110, Rem. Comp. Stat., says:

"The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any person interested in so doing and the proceedings may be transferred to the superior court, for which purpose an injunction may issue if necessary."

The respondent was, as to that sale, an interested party. It had the right to contest not only the right of the appellant to foreclose, but also "the amount

claimed to be due." It did not do so and is bound by that sale, including the amount claimed to be due by the bank in the notice of sale made by the sheriff. The foreclosure and sale by the sheriff, having been "done in accordance with law and were due and regular," constituted due process of law as against the rights of respondent, an interested party. *Inland Finance Co. v. Ingersoll Co.*, 124 Wash. 72, 213 Pac. 679; *White v. Powers*, 89 Wash. 502, 154 Pac. 820.

Reversed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.