[No. 20533. Department One. July 6, 1927.]

R. R. YEATMAN, *Appellant*, v. W. D. PATRICIAN *et al.,*
*Respondents.*[1]

[1] BANKRUPTCY (5-1)—PREFERENCE BY BANKRUPT—TRANSFERS. The claim that a chattel mortgage executed by husband and wife on community property was void because given within four months of the filing of a petition of bankruptcy is not available where the bankruptcy proceeding was against the wife individually without any adjudication of insolvency against the community and there was no proof that she was insolvent when the chattel mortgage was given.

[2] CHATTEL MORTGAGES (4)—PROPERTY SUBJECT—STOCK IN TRADE. A chattel mortgage of a shifting stock of merchandise is not void where the mortgagee made the required investigation and supervision to see that the proceeds of sales were properly applied, and started a timely foreclosure.

[3] PLEADING (128)—SUPPLEMENTAL ANSWER—SUFFICIENCY. A supplemental answer setting up a mere addition to the original answer, need not contain all the denials in the original to put such matters in issue.

[1]Reported in 257 Pac. 622.

[4] Bankruptcy. (3)—Conflicting Jurisdiction of Bankruptcy and State Courts. The jurisdiction of the superior court' in a chattel mortgage foreclosure against community property is not ousted by a subsequent adjudication of bankruptcy against the separate estate of a member of the community. ·

[5] Chattel Mortgages (64-1, 81)— Foreclosure — Exercise · of Power of Sale—Notice—Collateral Attack. Foreclosure of a chattel mortgage by sheriff's notice and sale constitutes · complete adjudication as conclusive against the parties as a court decree, and cannot be collaterally attacked.

. Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered September 7, 1926, upon findings in favor of the defendants, in an action in replevin. Affirmed. .

W. H. Sibbald and N. Ray Albers, for appellant. .

Back, Hall & McMullen and J. E. Stone, for respondents. . . . . ·

Mackintosh, C. J.—The appellant, as trustee in bankruptcy of the separate estate of Grace Patrician, began this action in replevin to secure possession of a store and stock of hardware at Woodland, in Cowlitz county. . . . . .

The respondent Oliver had been, for a couple of years, in partnership with W. D. Patrician in the conduct of this hardware business, and in December, 1922, sold his interest in the partnership to Patrician and, in payment for it, received a note and chattel mortgage on the stock and fixtures of the store, which mortgage was properly filed. This note and mortgage were renewed by a new note and mortgage made on July 7, 1924, for the balance remaining due on the old mortgage, and this latter mortgage was properly filed and is the one over which the controversy in this suit is conducted. This note and mortgage, although not signed by Grace Patrician, the wife of W. D. Patrician, was a community obligation and contained the pro-

visions for the sale of the merchandise in the usual course of business, and the testimony shows that the respondent Oliver investigated the business being conducted at the store, examined the books, and attempted to see that the proceeds of the sales were properly applied and that a stock of goods of the prescribed value was being maintained.

On September 22, 1924, W. D. Patrician sold and assigned to Grace Patrician, his wife, all his interest in the business and disappeared. Grace Patrician was declared a bankrupt in the Federal court. Thereupon, or about that time, foreclosure of the mortgage of July 7, 1924, on notice and sale, was instituted by respondent Oliver, and respondent Studebaker, as sheriff, took possession of the property. The sale, being adjourned from time to time, was finally made for a price which was not sufficient to meet the balance due the respondent Oliver. The respondent First National Bank of Kelso claimed to hold a prior mortgage upon the property, but the appellant argues that there was no testimony introduced to substantiate this claim; and, as we view it, this phase of the case is unnecessary for the fact that the sale, if valid, did not net enough to reimburse Oliver for the amount due him, and that it is unnecessary in this action to determine the relative interests of the bank and Oliver, as that is a matter in which the appellant can have no interest if he is not entitled to his replevin of the entire stock of goods.

[1] It is argued that the mortgage of July 7, 1924, was a preference by reason of the fact that, at that time, the Patrician community was insolvent and that, having been given within four months before the filing of the petition in bankruptcy against Grace Patrician, the mortgage therefore became void as against her trustee in bankruptcy. The error in this position con-

sists in the fact that Grace Patrician did not own the store as her separate property until on September 22, 1924, and that the bankruptcy is against her in her separate and individual capacity. There has been no adjudication of bankruptcy against the community which was the maker of the note and mortgage to Oliver. *In re Sanderlin,* 109 Fed. 857. Nor is there any testimony that Grace Patrician in her separate capacity was insolvent on July 7, 1924. The creditors of Grace Patrician, therefore, can not avail themselves of such rights as might have been available to the creditors of the community of herself and husband in the event that that community had been declared bankrupt.

[2] The mortgage itself is attacked on the ground that its terms have not been complied with and, having been given on a shifting stock of goods, falls within the ban announced by this court in *Miller v. Scarbrough,* 108 Wash. 646, 185 Pac. 625; but an examination of the record shows that respondent Oliver made the required investigation and exercised such supervision as the law requires, and started his foreclosure in a timely and proper way.

[3] The appellant also claims that the respondent Oliver could not have been found by the court to be entitled to the possession of the property for the reason that he had filed a supplemental answer in which he did not deny the allegations of the complaint, but merely set up an affirmative defense to the effect that the appellant had withdrawn his claim for immediate possession and had consented to the sale by the sheriff of the seized property. The appellant is incorrect in this position, for the reason that this answer of Oliver was a supplemental answer, and not an amended one, and consisted merely of an addition

to the original answer which had contained all the denials necessary to put in issue the facts found by the trial court against the appellant.

[4] Appellant also claims that the court had no jurisdiction for the reason that bankruptcy proceedings were pending in the Federal court; but, as already noted, these bankruptcy proceedings related to the separate estate of Grace Patrician and, further, the foreclosure of the mortgage in controversy was pending at the time that she was adjudged bankrupt, and that adjudication did not oust the superior court of jurisdiction. *State ex rel. Heckman v. Superior Court,* 28 Wash. 35, 68 Pac. 170, 92 Am. St. 826.

[5] The trial court found that the sheriff's sale was *res judicata* and that the appellant was thereby bound. Foreclosure by notice and sale has the same effect as though the foreclosure had been conducted by suit in court and the property sold under court decree, and an attack can not be made upon such foreclosure proceeding in a collateral matter (*Inland Finance Co. v. Ingersoll Co.,* 124 Wash. 72, 213 Pac. 679; *Strandberg v. Stringer,* 125 Wash. 358, 216 Pac. 25; *Payne v. White Swan Auto Co.,* 126 Wash. 550, 219 Pac. 32; *International Harvester Co. of America v. First National Bank of Lind,* 138 Wash. 582, 245 Pac. 14); and the notice and sale constituted a complete adjudication in respect to the mortgage and the rights of respondent Oliver to foreclose it. The appellant having consented to the sale and having filed his notice of withdrawal of demand for immediate possession, though the testimony in regard to this notice is in dispute, it having been found by the trial court that it was the intention to approve of the sale being made and the evidence not preponderating against that finding, the record is therefore established that this

sale was consented to, and on that further ground the judgment of the trial court was correct.

Affirmed.

FRENCH, MAIN, MITCHELL, and FULLERTON, JJ., concur.