A. F. WITHROW LUMBER CO. v. GLASGOW INV. CO. et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.)

No. 310.

1. Mechanic's Lien—Failure to Perfect—Power of Court to Enforce.
   A court of equity cannot create a mechanic's lien, where the claimant has not perfected the same as required by statute, merely because he had an inchoate right to such a lien at the time of the institution of a suit for the administration of the property and the appointment of a receiver therefor.

2. Appeal—Review—Question First Presented on Rehearing.
   The right of one who performed labor on a building after the appointment of a receiver for the property, to preferential payment therefor, cannot be considered on a motion for rehearing in the appellate court, where the question is then presented for the first time.

On Reargument.

Henry C. Riely and L. L. Lewis (William Leigh and Wingfield Leggett, on brief), for appellant.

John Selden and Greenlee D. Letcher, for appellees.

Before SIMONTON, Circuit Judge, and PURNELL and WADDILL, District Judges.

WADDILL, District Judge. This case is now before the court on a rehearing granted subsequent to the decision on the merits rendered on the 1st of May, 1900. The facts in the case, with the court's reasons for its conclusion, will appear from the opinion reported in 42 C. C. A. 61, 101 Fed. 863. After a careful review of the case, in the light of all the reasons stated in the petition for rehearing and the argument of counsel thereon, written and oral, the court feels constrained to adhere to its views heretofore expressed. The weakness of the contention made by the petitioner in the application for rehearing is that the existence of a lien is presupposed. If a lien existed, much that is said would be true; but under the Virginia me-

chanic's lien law, as has been repeatedly decided by the court of last resort in the state, a lien can only be acquired in the manner prescribed by the statute. The petitioner attempted to perfect its lien as required by the statute, but failed properly to do so; and, the lien not having been thus secured, it is impossible otherwise to set it up. The court cannot, upon the theory of keeping alive a right to secure an inchoate or incipient lien, create one. The decisions as to the effect of the entry of decrees of account, or the institution of suits in equity to administer insolvent or trust estates and the estates of deceased persons, have but little bearing. Petitioner's contention, would lead to this result,—that it would be entirely unnecessary to file a mechanic's lien in any case where a suit was instituted involving the administration of property upon which a lien was sought to be established. This would be a dangerous precedent to set, and would be far-reaching in its effect. While the particular case may be one of hardship, it will not justify the court in departing from well-established legal principles in reaching its conclusion.

It is insisted that such amount as was claimed under the defective mechanic's lien for work done and labor performed after the appointment of a receiver should be allowed as a prior debt incurred on account of the preservation of the property. This is a new question. It was neither presented to the lower court, nor to this court upon the former hearing, and it cannot be for the first time considered upon a petition for rehearing. Whatever there may be of merit in the claim can be appropriately raised in such way as petitioner may be advised, without prejudice from this court's failure to consider the same. The decree entered by this court on the 4th day of May, affirming the decree of the lower court, is hereby reaffirmed.