[No. 17531.   Department One.   February 21, 1923.]

EDWARD P. LUNG, *as Trustee etc., Respondent* v. THE
PACIFIC STORAGE WAREHOUSE, *Appellant*.[1]

BANKRUPTCY (4)—PERSONAL PROPERTY VESTING IN TRUSTEE.   The
trustee takes all the title of the bankrupt to apples held by a ware-
houseman as a bailee for hire, subject to the lien for storage.

SAME (3)—CONFLICTING JURISDICTION OF COURTS—WAIVER—EN-
FORCEMENT OF LIENS.   Where a bailee for hire, having a lien for the
storage of apples of a bankrupt, files a claim with the trustee, he
confers exclusive jurisdiction on the bankruptcy court, and is
liable for the apples when he proceeds to foreclose his statutory
lien by a sale.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered January 11, 1922, up-
on the verdict of a jury rendered in favor of the plain-
tiff, in an action for conversion.   Affirmed.

*H. W. Lueders* (*John Leo*, of counsel), for appellant.
*Harmon & Keyes*, for respondent.

HOLCOMB, J.—On October 16, 1920, appellant re-
ceived a large quantity of apples from the Yakima
Apple Depot, a corporation, for storage, at the agreed
rate of two cents per box.   The Yakima Apple Depot
became and was adjudged a bankrupt in the United
States district court on January 18, 1921, and respond-
ent was appointed trustee of the bankrupt on January
31, 1921.

Appellant had a claim for storage which accrued
prior to the bankruptcy trusteeship, and the amount
was in dispute.   On January 22, 1921, appellant filed
its proof of claim in bankruptcy for the sum of $300,
and asserted the same to be a preferred and prior lien
under the statutes of Washington for storage.

[1]Reported in 212 Pac. 1081.

Although respondent had made an agreement with the manager of appellant for the delivery of the apples in question, and appellant in pursuance thereof had delivered approximately 150 boxes of the apples, subject to an understanding between them that whatever claims for storage appellant might have would be adjusted later out of the proceeds derived from the sale of the apples, appellant subsequently refused to deliver the remainder of the apples to respondent, and proceeded summarily to sell and dispose of the apples in its warehouse, under the guise of a foreclosure of the statutory lien for storage under the state laws. Respondent, in due course, instituted suit for the value of the apples disposed of, and the verdict, in a trial to a jury, was rendered in favor of respondent.

Many questions of fact and of law are elaborately discussed by appellant, but there is only one question to be decided, and that determines this controversy.

In the first place, appellant was not a pledgee, but was merely a bailee for hire, the bailment being for the storage of the apples. When the depositor became bankrupt, the receiver or trustee took all title of the bankrupt to the chattels, subject, of course to the rights of all lien claimants. *Sweet v. Oregon-Washington Lum. & Mfg. Co.*, 98 Wash. 91, 167 Pac. 82. In that case it was decided that property on which there is a valid lien passes to the trustee if he elects to take it, subject to such equities, liens and incumbrances as exist, whether created by operation of law or by the act of the bankrupt.

And where a person having a lien goes into the bankruptcy court and petitions for the payment of his debt and the enforcement of his prior rights in the bankruptcy court, this act of the petitioner is a consent, and it confers exclusive jurisdiction upon the

bankruptcy court. *In re Platteville Foundry & Mach. Co.*, 147 Fed. 828; *In re Watts & Sachs*, 190 U. S. 1, 23 Sup. Ct. 718; *United States Fidelity & Guaranty Co. v. Bray*, 225 U. S. 205, 32 Sup. Ct. 620.

Appellant therefore had no right to pursue the remedy it did, and respondent had the right to pursue the remedy it followed.

Judgment affirmed.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.