In re IRELAND.

(District Court, S. D. California, S. D. March 13, 1925.)

No. 5164.

1. **Bankruptcy ⟐➡350—Unpaid contributions of employer, under Oregon Workmen's Compensation Act, entitled to priority.**

Under the provision of Workmen's Compensation Act (Or. L. § 6629) that unpaid contributions exacted from employers to the accident fund, with interest accretions, "shall be deemed preferred claims in all bankruptcy proceedings," such a claim is one entitled to priority under the laws of the state, within the meaning of Bankruptcy Act, § 64b(5), being Comp. St. § 9648.

2. **Bankruptcy ⟐➡350—Right to priority under laws of state is determined by the laws of the state where the debt was incurred.**

Under the provision of Bankruptcy Act, § 64b(5), being Comp. St. § 9648, giving priority to claims entitled to priority under the laws of the state, the right is determined by the laws of the state where the debt was incurred, and not of the state where the bankruptcy proceeding is pending.

In Bankruptcy. In the matter of L. E. Ireland, bankrupt. On review of order of referee. Reversed, with directions.

Harrah, Louis & Quillian, of Los Angeles, Cal., for claimant.

Bicksler, Smith & Parke, of Los Angeles, Cal., for trustee in bankruptcy.

BLEDSOE, District Judge. In furtherance of generally accepted welfare legislation, the state of Oregon has enacted a Workmen's Compensation Law. Sections 6605–6639, Oregon Laws, as amended by chapter 311, Laws of 1921. In it provision is made for the creation of the "State Industrial Accident Commission," to be composed of three commissioners, having a seal and possessing power to sue and be sued. Obviously it is a body corporate. Butterfield v. Accident Commission (Or.) 223 P. 941. This commission is charged with the administration of the Oregon Compensation Law. Certain employers of labor (doing business within the state of Oregon) are subject to the provisions of the act unless, under appropriate provision, they give notice of an election not to be subjected thereto. Provision is made for the payment into the Industrial Accident Fund, "on or before the 15th day of each month," of certain sums, based upon percentages of pay rolls, by each employer subject to the provisions of the act. Interest upon deferred payments, together with penalties as upon default after notice,

are provided for. Right of action for collection of the same is also afforded.

It is then, in section 6629, specially provided that: "All contributions, interest charges, penalties or amounts due the Industrial Accident Fund from any employer as provided in this act, and all judgments recovered by the commission against any employer under any of the provisions of this act, shall be deemed preferred claims in all bankruptcy proceedings, trustee proceedings, proceedings for the administration of estates and receiverships involving the employer liable therefor or the property of such employer."

[1] The bankrupt herein, being engaged in Oregon in an occupation employing wage-earners coming within the provisions of the Industrial Accident Commission Law, incurred obligations to the fund by way of contributions and interest charges which were never paid. In due course a "preferred claim" for the aggregate amount, $235.12, was filed by the commission before the referee herein. Upon consideration, the claim was "disallowed as prior" and "allowed as general." Of this action of the referee, disallowing the claim as one having priority, and allowing it only as a general claim, the claimant seeks a review.

The referee's action apparently was based upon the following conclusions, gathered from a letter written to the attorney for claimant:

(1) The National Bankruptcy Law (section 64b [5], being Comp. St. § 9648) provides for priority of debts (of the class in which this would fall) only owing to any "person" who by the "laws of the states" or the United States is entitled to priority. It is doubtful if the Industrial Accident Commission may be deemed a "person" within the meaning of this section.

(2) The language of section 6629 of the Oregon law, supra, seems to be too general and ambiguous to create a right of priority under section 64b(5);

(3) That said section 6629 cannot be deemed to have the effect of amending or in any way altering the purport of the Bankruptcy Act, which does not provide for the allowance of such a claim as a prior or preferred claim.

With these conclusions, and the judgment rendered in consequence of them, I am constrained to disagree. The Bankruptcy Act itself (section 1, subd. 19 [Comp. St. § 9585]), says the word "persons" shall be construed to include "corporations." Clearly, then, aside from general considerations,

the claimant is a "person" within the meaning of the statute, and entitled to the benefit of its provisions.

Section 6629 of the Oregon law very definitely provides that unpaid contributions, due under the terms of the law, with interest accretions, shall be "deemed preferred claims in all bankruptcy proceedings." There can be no doubt, and the referee so considered, apparently, that "preferred" is there used in the same sense as "entitled to priority" in the bankruptcy statute. In addition, it is stated and not denied, that the bankruptcy courts in Oregon regularly allow such claims as "entitled to priority" because they are by the state law "deemed to be preferred."

[2] The section of the Bankruptcy Act quoted provides for priority in bankruptcy as to any debts owing to a person who "by the laws of the states" is entitled to priority. Ex vi termini, this means that in any United States court, in any state, in bankruptcy, any person shall be accorded priority to whom a debt is owing under the law of any one of the states declaring such priority. The character of the debt as to priority is determined by the law of the state where the debt was incurred, and not merely by the law of the state where the bankruptcy proceeding is pending.

, The law of Oregon is given this apparent extraterritorial effect, then, simply because the laws of each of the states, as to priority, have been, by the apt reference contained in section 64b (5), incorporated into and made a part of the law governing administration of bankruptcy estates. The Oregon law, therefore, does not alter the national act; it has been expressly incorporated into the national act as to all matters within its purview.

The order of the referee is reversed, and the referee is directed to allow the claim as a prior and preferred claim, as requested.