## In re C. O. PICK CO. et al.

(District Court, D. Oregon. November 30, 1925.)

Nos. 7368, 7947.

**1. Bankruptcy ⊆⇒350—State statute, giving debts due State Industrial Accident Fund priority, unavailing, unless priority given thereto by Bankruptcy Act.**

Provision of Or. L. § 6629, giving debts due State Industrial Accident Fund priority in bankruptcy proceedings, is unavailing, unless like priority is given by Bankruptcy Act (Comp. St. § 9585 et seq.).

**2. Bankruptcy ⊆⇒350—Debt due Oregon State Industrial Accident Fund is not entitled to priority in bankruptcy proceeding; "any person."**

Debt due Oregon Industrial Accident Fund is not debt due to "any person," entitled to priority within Bankruptcy Act, § 64b (Comp. St. § 9648); Industrial Accident Commission being mere agency of state, and not corporation, included under definition of "any person" by Bankruptcy Act, § 1, subds. 6, 19 (Comp. St. § 9585), in view of Or. L. §§ 6606, 6607, 6611–6613, 6635–6638.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any.]

In Bankruptcy. In the matter of C. O. Pick Company and another, bankrupts. On petition of the Oregon State Industrial Accident Commission to review order of referee in bankruptcy. Order of referee affirmed.

Sidney Teiser, of Portland, Or., for trustee.

C. C. Page, of Salem, Or., and Harris, Smith & Bryson, of Eugene, Or., for State Industrial Accident Commission.

BEAN, District Judge. [1] The question to be decided is whether debts due the State Industrial Accident Fund are entitled to prior payment over the debts due general creditors of a bankrupt. The state law (section 6629) provides that the amounts due such fund shall be deemed prior claims in all bankruptcy proceedings. This law, however, is unavailing, unless the priority is given by the Bankruptcy Act, for that act "takes into consideration * * * the whole range of indebtedness of the bankrupt, national, state and individual, and assigns the order of payment." Guarantee Co. v. Title Co., 224 U. S. 152–160, 32 S. Ct. 457, 460 (56 L. Ed. 706). The priority must therefore be found, if at all, in the Bankruptcy Act, and its assumed incorporation of section 6629 of the Oregon Laws.

[2] Section 64b of the Bankruptcy Act (Comp. St. § 9648) gives priority to "debts owing to any person who by the laws of the state or United States is entitled to priority," and by section 1 of that act (Comp. St. § 9585) the word "person" includes corporations, and corporations are defined as "all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships" (section 1, subds. 6 and 19). The Supreme Court of the United States, in the recent case of Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974 (decided May 25, 1925), held that the government may not itself, or through any of its public agents or functionaries, be allowed priority in bankruptcy, notwithstanding section 3466, R. S. (Comp. St. § 6372), giving debts due it priority in settlement of estates of insolvent debtors, for the reason that the United States is not a person within the meaning of the Bankruptcy Act.

The same rule would, of course, apply to the state. It is claimed however, that the Industrial Accident Commission is a corporation, and therefore a person within the meaning of the law. Butterfield v. Commission, 111 Or. 149, 223 P. 941, 226 P. 216, is cited in support of the contention. The only question involved in that case, however, was whether the state was a party to an action against the commission, and could appeal from a judgment against it. The court ruled that, since the law provides that the commission may sue or be sued, it is a corporation for the purpose of supporting a proceeding against it, though it is not in the ordinary sense of the word. The purpose of the act creating the Industrial Accident Commission, as appears from the preamble and its various provisions, is to provide a method by which damages resulting to injured employés in certain industries may be more fairly and equitably distributed by establishing a system for voluntary accident insurance, and creating a state agency to carry it into effect. To that end it requires employers engaged in such industries to contribute a certain per cent. of their pay roll to a fund for that purpose (unless they elect to reject its provisions), and for the administration and distribution of such a fund as provided in the law by a commission composed of three members, appointed and removable by the Governor. Sections 6606, 6607.

The commission may sue and be sued, may administer oaths, issue subpœnas for the attendance of witnesses and production of papers, and provide for the taking of testimony, and for recording its proceedings.

·Section 6611. It is authorized to make rules for the administration of the act, require reports of accidents from the industries and the amount paid or agreed to be paid by them as wages to employés, and provide the form of pay rolls. Section 6612. It is required to report quarterly to the Governor. ·Section 6613. The state treasurer is the custodian of its funds, which are to be disbursed only on warrants of the secretary of state. Sections 6635–6638. The Attorney General is its legal adviser, and an appeal from its decisions and findings may be had to the circuit court. Section 6636. It thus appears that the commission · is a mere bureau or agency of the state for the discharge of a governmental function. · It has none of the usual rights, privileges, or functions of a corporation, save and except that the state has consented that it may sue and be sued. It has no corporate stock or stockholders, and no board of directors. Its functions are public and remedial, and it seems to me that by no intendment can it be classed as a person within the meaning of the Bankruptcy Act.

It follows that the order of the referee should be affirmed; and it is so ordered.