## In re C. A. TAYLOR LOGGING & LUMBER CO.

District Court, W. D. Washington, S. D.
October 9, 1928.

No. 4530.

John H. Dunbar, Atty. Gen., M. H. Wight, Asst. Atty. Gen., and Chas. O. Flint, of Olympia, Wash., for petitioner.

Wayne W. Keyes, of Tacoma, Wash., for trustee.

CUSHMAN, District Judge. This matter is before the court for review of an order denying priority to a claim of the state of Washington. While the amounts and nature of the claims, other than that of the state, do not appear, enough, however, is shown by the certificate and writings transmitted therewith for the purpose of review. The referee's decision was as follows:

"This matter came on for hearing before R. F. Laffoon, referee on the stipulation of counsel, on the 21st day of May, 1928, W. W. Keyes appearing for the trustee, and Charles O. Flint, one of the attorneys for the state, appearing on behalf of the state, upon the objection of Edw. B. Lung, trustee, to the claim filed by the state for its premium on its industrial insurance in the now agreed sum of $962.34. Objections were based upon the ground that the state had not perfected its right, entitling it to priority, by its failure to file a lien as provided for under the statute of the state, and that the said claim is not entitled to preference or priority payment out of the assets in the hands of the trustee.

"The objection was orally argued by counsel, and counsel have filed able briefs, which I have carefully considered. The trustee contends that the state is not entitled to priority of payment, because it failed to file the statement in writing with the auditor of the county within the four months period allowed the state for filing its notice of lien. The state claims that in cases of insolvency the state is not required to file a notice of lien; that the filing of its claim in the insolvency proceedings is sufficient. The state claims under section 64b(5) and section 67 of the Act of July, 1898.

"This question depends upon the construction to be given to section 3, c. 136, Session Laws of 1923, which provides for the collection of the premiums on industrial insurance. In the first part of the section it is provided: 'The claim of the state for payments * * * due herein shall be a lien prior to all other liens, except taxes. * * * In order to avail itself of the lien hereby created, the department shall, within four months, * * * file with the county auditor * * * a statement in writing,' etc. 'From and after the filing of such claim of lien, the department shall be entitled to commence suit to cause such lien to be foreclosed.'

"The intent of the Legislature was to create a specific lien on specific property, to protect the state in the collection of its premiums. In order to give the lien created in the first part of this section 3 effect, and make the state a secured creditor under section 67d, the lien must be perfected by the required filing. The lien declared in the second part of said section 3, seems to be the same lien as first declared, a specific lien on specific property; that is, it was intended to make the state a secured creditor for its premiums, and not intended merely to give the state priority of payment for its debt.

"To come in under section 67d the state must have a perfected lien, which, in this case, it has not, and it cannot be treated as a secured creditor. In order to claim priority of payment under section 64b(5), the state must be entitled to priority of payment under its own insolvency laws. It is not necessary that the state should have a lien of any kind to entitle it to priority under said section 64b(5). If the state insolvency laws give the state priority of payment for its debts, the bankruptcy court recognizes it.

"To my mind, the second part of said section 3 is not such a law. In that declaration, the Legislature does not intend to give the state priority of payment for its debt, but intends to make it a secured creditor. The state is not entitled to consideration under section 64b(5). But if the second part of section 3 is held to be such a law as to entitle the state to priority of payment, the state should have priority of payment here. If the state has any insolvency law entitling it to priority of payment, I do not know of it. It has not been called to my attention, and I therefore hold the state to be a general creditor.

"In addition to the briefs filed, I have considered Collier (1927 Ed.) p. 964, and notes."

Claimant cites: Section 3, c. 136, Laws of 1923 (Wash.); sections 64b(5) and 67d of the Bankruptcy Act (11 USCA §§ 104 [b] [5] 107 [d]); chapter 74, Laws of 1911 (Wash.); State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 P. 1101, 37 L. R. A. (N. S.) 466; In re Farrell (D. C.) 211 F. 212; chapter 188, Laws of 1915 (Wash.) p. 687; chapter 120, Laws of 1917 (Wash.) p. 487, § 5; Whitney v. Page & Bolster Co., 116 Wash. 371, 199 P. 728; Lung v. Pacific Co., 123 Wash. 628, 212 P. 1081; In re Ireland (D. C.) 4 F.(2d) 813; In re Pick Co. et al. (D. C.) 9 F.(2d) 207; Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974; 1926 amendment to Bankruptcy Act, effective August 27, 1926 (11 USCA); In re John G. Gasteiger & Co. (D. C.) 21 F.(2d) 977; In re Caplan (D. C.) 23 F.(2d) 680.

The trustee cites: Section 7682, Remington's Compiled Statutes of Washington; Whitney v. Page & Bolster Shingle Co., 116 Wash. 371, 199 P. 728; chapter 136, § 3, Laws of 1923 (Wash.); Thomas v. Woods (C. C. A. 8th Circuit) 173 F. 585, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080, 23 A. B. R. 132; section 64 of the Bankruptcy Act; Sweet v. Oregon-Washington Lumber & Mfg. Co., 98 Wash. 91, 167 P. 82; Lung v. Pacific Storage Warehouse Co., 123 Wash. 628, 212 P. 1081; section 47 National Bankruptcy

Act; Matter of Eureka Paper Co., 44 A. B. R. 179; Collier on Bankruptcy (10th Ed.) 911; Brandenburg on Bankruptcy (2d Ed.) 623; Brown v. Hunt & Mottet Co., 111 Wash. 564, 191 P. 860; Withrow Lumber Co. v. Glasgow Inv. Co., 101 F. 863, 42 C. C. A. 61; and Withrow Lumber Co. v. Glasgow Inv. Co., 106 F. 363, 45 C. C. A. 321.

Certain portions of section 3, chapter 136 of the Laws of 1923, supra, are omitted by the referee in the above quotation, which omitted portions are relied upon by the claimant. That section of the Session Laws of 1923, pp. 398, 399 (1927 Supplement, Remington's Compiled Statutes of Washington, § 7682), provides in part:

"* * * The claim of the state for payments and penalties due herein shall be a lien prior to all other liens, except taxes, upon the real estate, plant, works, equipment and buildings improved, operated, or constructed by any employer, and also upon any logs, spars, piles, ties, or other timber produced or articles manufactured by such employer which shall be owned by or in the possession of any person liable for such premiums. The lien hereby created shall attach from the date of the commencement of the labor upon such property for which such premiums are due. In order to avail itself of the lien hereby created, the department shall, within four months after such employer shall have made report of his pay roll and shall have defaulted in the payment of his premiums thereupon, file with the county auditor of the county within which such property shall then be situated a statement in writing describing in general terms the property upon which a lien is claimed and stating the amount of the lien claimed by the department. If any employer shall fail, delay or refuse to make report of his pay roll the lien hereby created shall continue in full force and effect although the amount thereof be undetermined and the four months' time within which the department shall file its claim of lien shall not begin to run until the actual receipt by the department of such pay roll report. From and after the filing of such claim of lien, the department shall be entitled to commence suit to cause such lien to be foreclosed in the manner provided by law for the foreclosure of other liens on real or personal property.

"All actions for the recovery of such payments shall be brought in the superior court and in all cases of probate, insolvency, assignment for the benefit of. creditors, or *bankruptcy,* the claim of the state for payments due herein shall be a lien prior to all other liens, except taxes, and it shall be the duty of all administrators, receivers or assignees, for the benefit of creditors to notify the department of such administration, receivership or assignment within thirty (30) days from the date of their appointment and qualification. * * *" (Italics the court's.)

Section 64b of the Bankruptcy Act (title 11, USCA § 104, p. 71) provides:

"The debts to have priority, * * * and to be paid in full out of bankrupt estates, and the order of payment shall be * * *

"(4) Wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant; and

"(5) debts owing to any person who by the laws of the states or the United States is entitled to priority."

The state's claim to a preference in the matter of payment is not asserted because of any claim of prior right at common law but solely because of these statutes. The claim by the state was filed herein in September, 1924, before the decisions in Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974, and In re Pick Co. (D. C.) 9 F.(2d) 207.

It will be seen that the referee concluded that the Legislature, in the last-quoted portion of section 3, intended to secure the state's prior right only to the extent of its lien on specific property as distinguished from priority of payment from the proceeds of the entire estate. This may not be beyond question (Whitney v. Page & Bolster Shingle Co., Inc., etc., 116 Wash. 371, 199 P. 728), but in the present proceeding it is not necessary to determine the intent of the Legislature. It may be that in a proceeding in probate or insolvency in the state's own courts it might properly be held, under the act of 1923, as it was under the act of 1917, in the foregoing case, 116 Wash. 371, at page 374 (199 P. 730), that:

"* * * The language of the statute (amendment of 1917) is clear and explicit in such cases, that the claim of the state shall be prior to all other claims except taxes, and there is no room for construction. To hold otherwise might seriously impair and deplete the industrial insurance funds which it was evidently the object of the Legislature in enacting the amendment to avoid."

■ It by no means follows that in this proceeding the ruling should be the same. The controlling question is not the intent of the state Legislature but the effect of this statute. In the state court in proceedings in

probate or insolvency the property and the proceeds realized from it would be and have been from the beginning presumptively within the jurisdiction of the state. Its court would have no extraterritorial jurisdiction. To allow a state extraterritorial jurisdiction would be to take from the jurisdiction of a sovereign sister state and the states are equal —each is sovereign, save for the reserved powers of the United States under the Constitution. Olmsted v. Olmsted, 216 U. S. 386, 30 S. Ct. 292, 54 L. Ed. 530, 25 L. R. A. (N. S.) 1292. The full faith and credit clause of the Constitution, art. 4, § 1, provides a rule of evidence and not of jurisdiction. Wisconsin v. Pelican Ins. Co., 127 U. S. 265, at page 291, 8 S. Ct. 1370, 32 L. Ed. 239; Anglo-American Provision Co. v. Davis Provision Co. No. 1, 191 U. S. 373, 24 S. Ct. 92, 48 L. Ed. 225; Clifford v. Williams et ux. (C. C.) 131 F. 100.

The territorial jurisdiction of a bankruptcy court is not the same as that of a state court. Under section 2, subsec. 7, of the Bankruptcy Act (title 11 USCA § 11, subsec. 7), the court has jurisdiction of the entire property of the bankrupt wherever situated. Babbitt, Trustee in Bankruptcy v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; In re Wood and Henderson, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046. The res is not therefore presumptively confined to the territorial limits of the state. It follows that in a court of bankruptcy Congress alone can fix the effect of bankruptcy upon priority in the payment of claims.

The referee's order is approved.