[No. 25122. Department One. December 4, 1934.]

DANIEL BEKINS et al., Appellants, v. FIDELITY SAVINGS & LOAN ASSOCIATION et al., Respondents.[1]

F. B. Morrill and Nuzum & Nuzum, for appellants.

Post, Russell, Davis & Paine, for respondents.

[1]Reported in 38 P. (2d) 246.

MILLARD, J.—This action was instituted to set aside a decree of foreclosure. The appeal is from the judgment of dismissal, rendered upon the refusal of the plaintiffs to plead further after a demurrer had been sustained to their complaint.

The allegations of fact in the complaint are admitted by the demurrer to be true; those facts are summarized as follows:

On April 7, 1930, to secure the payment of a promissory note evidencing a loan to them by respondent loan association, appellants, a marital community, executed and delivered to the loan association a mortgage upon real estate situate in Spokane county. On February 4, 1933, appellants having defaulted in the payment of the principal on the note above described, the mortgagee loan association commenced an action in the superior court for Spokane county to foreclose the mortgage. A notice of *lis pendens* was filed on the same date in the office of the auditor for Spokane county, and summons and complaint were duly served February 7, 1933, on appellant mortgagors.

On April 27, 1933, when the foreclosure action was pending in the superior court for Spokane county, respondent loan association and another corporation filed an involuntary petition in bankruptcy against appellants in the United States district court for the western district of Washington. In that petition is a description of the property on which the respondent loan association was seeking foreclosure of the mortgage in the superior court. The petition reads:

"That the fair market value of the property so mortgaged is less than the balance due upon said note and mortgage in a sum considerably in excess of five hundred dollars. . . . That petitioners are not now waiving and will not waive the security of said mortgages, and each of them, but that they allege that after said security is fully exhausted there will remain

a deficit owing to them upon said notes amounting to many thousands of dollars."

On May 24, 1933 (twenty-seven days after the petition in bankruptcy was filed), while the involuntary bankruptcy petition was pending in the Federal court, a judgment was rendered in the superior court for Spokane county foreclosing the mortgage, and an order was issued out of that court directing the sheriff to sell the mortgaged property. On September 30, 1933, the sheriff sold the property at public auction to respondent mortgagee, and issued to it a sheriff's certificate of sale for the property. On October 2, 1933, appellants were ousted from possession of the mortgaged property, and respondents Goodwin and Shirk placed in possession thereof by respondent loan association.

There is no allegation in the complaint that any adjudication was had on the involuntary bankruptcy petition. The following appears in the trial court's memorandum opinion on the demurrer to the complaint:

"The complaint fails to allege that any adjudication had been had on the involuntary bankruptcy petition, and it is admitted in argument that none was ever made, and that the involuntary petition in bankruptcy was withdrawn and dismissed by the petitioners before any adjudication thereof.

"So the only question is, Did the superior court after having acquired jurisdiction of the parties and the subject matter before the involuntary bankruptcy petition was filed, thereupon, upon its filing, lose jurisdiction to proceed to a decree in the action then pending before it?

"The issue was fully before the court, the parties, both plaintiff and defendant then appearing, and no notice was given by any one of the parties of the prior involuntary bankruptcy petition."

Appellants prayed that the judgment of foreclosure and sheriff's certificate of sale be set aside, and that

they be adjudged to be entitled to the immediate possession of the premises. To the complaint, respondents interposed a demurrer, insisting that the complaint fails to state facts sufficient to constitute a cause of action. The demurrer was sustained, the action dismissed, and this appeal followed, as recited above.

Appellants contend that, by the filing of the involuntary bankruptcy petition, the respondent loan association invoked the jurisdiction of the bankruptcy court, which thereby acquired exclusive jurisdiction of the property in controversy, therefore the superior court was without power to proceed further in foreclosure of the mortgage.

Respondent mortgagee, subsequent to commencement by it of an action in the superior court for foreclosure of its mortgage on property owned by appellant mortgagors, filed a petition of involuntary bankruptcy against appellant mortgagors for a deficiency which respondent mortgagee alleged would result after the foreclosure sale of the mortgaged property. The claim upon which respondent mortgagee qualified as a creditor in the bankruptcy proceedings was not its note and mortgage, but it was for a deficit which the mortgagee alleged would result after the sale of the mortgaged property. There was no waiver by the respondent mortgagee of its security, nor did it pray that it be allowed as a secured claim in the bankruptcy. During the pendency of the bankruptcy proceedings, the respondent mortgagee prosecuted to a final disposition the foreclosure action commenced by it in the superior court.

The foregoing facts present the question: If a mortgagee file a petition of involuntary bankruptcy against the mortgagor for a deficiency which it is alleged will result after the foreclosure sale of the mortgaged property, does the state court lose jurisdiction of the

foreclosure action commenced by the mortgagee prior to the filing of the petition?

■ The lien of the mortgage was acquired by the loan association three years before the filing of the petition in bankruptcy. The loan association commenced its action to foreclose that mortgage more than two months prior to the time it filed the petition in bankruptcy. We held in *Mackall-Paine Veneer Co. v. Vancouver Plywood Co.*, 177 Wash. 503, 32 P. (2d) 530, following the rule enunciated by the supreme court of the United States in *Straton v. New*, 283 U. S. 318, 75 L. Ed. 1060, that the state court has jurisdiction, and the bankruptcy court will not interfere in a situation such as obtains in the case at bar; that is, a state court does not lose jurisdiction of a foreclosure action commenced prior to the filing of a petition in bankruptcy against the mortgagor by the mortgagee for a deficiency which it is alleged will result after the foreclosure sale. We said:

"Upon the appeal, it is first contended that, because of the adjudication of bankruptcy in the United States district court, although it occurred after the commencement of the present foreclosure and appointment of receiver in the state court, the state court was deprived of power and jurisdiction to proceed further in foreclosure of the chattel mortgage. The first authority cited by appellant to sustain that contention is *U. S. Fidelity & Guaranty Co. v. Bray*, 225 U. S. 205, 32 S. Ct. 620. That case involved the right of creditors to maintain actions to establish claims against funds accumulated by a trustee in the administration of a bankrupt estate, in another court than those in which independent actions were brought, some three years after the commencement of the bankruptcy proceedings. It was held that suits in other courts could not be waged, and that jurisdiction in the bankruptcy court was exclusive.

"The next case relied on by the appellant is *In re Hecox*, 164 Fed. 823. That case is cited as authority

for the proposition that the bankruptcy court may take over from a receiver in a state court the bankrupt's property involved in mortgage foreclosure in the state court, commenced prior to proceedings in bankruptcy. The decision cites *In re Kaplan,* 144 Fed. 159, and *In re Knight,* 125 Fed. 35. Those cases do not justify appellant's contention, as appears from the later case of *In re Rathman,* 183 Fed. 913, wherein the court said:

" 'Authorities are also cited to the effect that the bankruptcy court may by a like proceeding take away from a receiver of a state court, appointed to enforce a substantial claim of a mortgage or other lien upon the bankrupt's property, the actual possession thereof first acquired by him and may then proceed to adjudicate the claims to liens. *In re Kaplan* (D. C.), 16 Am. Bankr. Rep. 267, 144 Fed. 159; *In re Knight* (D. C.), 125 Fed. 35. But these decisions are overborne by the highest authority and by the reason of the case. *Louisville Trust Co. v. Comingor,* 184 U. S. 18, 24, 25, 22 Sup. Ct. 293, 46 L. Ed. 413; *Eyster v. Gaff,* 91 U. S. 521, 522, 525, 23 L. Ed. 403; *Metcalf v. Barker,* 187 U. S. 165, 172, 175, 176, 177, 23 Sup. Ct. 67, 47 L. Ed. 122; *Carling v. Seymour Lumber Co.,* 113 Fed. 483, 484, 485, 490, 51 C. C. A. 1.'

"Other authorities cited by appellant are, in our opinion, not in point. The correct and proper rule is set out in *Straton v. New,* 283 U. S. 318, 51 Sup. Ct. 465, 75 L. Ed. 1060, which, after an exhaustive consideration of the subject of jurisdiction of different courts in bankruptcy proceedings, concludes with the following statement:

" 'Most of the cases cited by the appellees to the effect that the initiation of bankruptcy proceedings confers on the district court jurisdiction to enjoin pending suits in state courts deal with the situation where a lien was acquired within four months of the filing of the petition, or where, after the filing of the petition an action was begun to enforce a lien valid in bankruptcy. As heretofore noted, there are a few cases which have held that the bankruptcy court may enjoin proceedings, brought prior to the filing of the

petition, to enforce valid liens which are more than four months old at the date of bankruptcy; but these cases are contrary to the decisions of this court and to the great weight of federal authority.'

"The rule was followed in *Bryan v. Speakman* (C. C. A.), 53 Fed. (2d) 463, which was a case of the foreclosure of a mortgage three years old in a state court and the appointment of a receiver in connection therewith. The commencement of the suit and the appointment of a receiver having occurred within four months before the adjudication of mortgagor as a bankrupt, the circuit court of appeals, in discussing the subject of conflict of jurisdiction as between the state court and the Federal court, said (syllabus):

" 'Rule preventing unseemly conflicts between state and federal equity courts, whereby court first acquiring jurisdiction of res retains possession thereof, governs relations between state courts and bankruptcy courts.'

"To the same effect are our own cases, *State ex rel. Heckman v. Superior Court*, 28 Wash. 35, 68 Pac. 170, 92 Am. St. 826, and *Yeatman v. Patrician*, 144 Wash. 241, 257 Pac. 622."

See, also, *In re Fenstermacher*, 2 Fed. Supp. 687, in which it is held that bankruptcy court is without jurisdiction to restrain sale of bankrupt's real estate incident to foreclosure of mortgage recorded more than four months prior to the date of the filing of a petition in bankruptcy, notwithstanding judgment on bond accompanying mortgage was recovered within such four-month period.

Appellants do not contend that, if others had instituted bankruptcy proceedings, or if appellants had done so, the rule above stated would not be applicable. They insist that the rule urged by respondents is inapplicable, and that the superior court for Spokane county was deprived of jurisdiction by reason of the fact that respondent loan association was one of the petitioning creditors. The bankruptcy law makes no

distinction between petitioning creditors. The fact that the petitioning creditor is one who is also seeking foreclosure of a valid lien does not give to the bankruptcy court a jurisdiction greater than, or different from, the jurisdiction of the bankruptcy court in a case where the petitioning creditor is not one who is also seeking to foreclose a valid lien.

It should be borne in mind that the claim upon which respondent loan association qualified as a creditor in the bankruptcy proceeding was not the note and mortgage, but was for the deficiency it was alleged would result after the sale of the mortgaged property. The loan association did not waive its security, nor did it pray that it be allowed as a secured claim in the bankruptcy.

The bankruptcy act does not require, in order to qualify as a petitioning creditor, a secured creditor to surrender his security if a deficit exists. A secured creditor may, without surrendering his security, qualify as a petitioning creditor for the amount his claim exceeds his security.

''There is nothing in the Bankruptcy Act to prevent a secured creditor from surrendering his security, thereby entitling himself to file a petition as a single petitioner, where the number is less than twelve.

''But it is not necessary to surrender the security in order to qualify as a petitioning creditor, if a deficit exists, and this is so even if the state statute forbids any action on the debt until foreclosure and foreclosure has not yet been had; nor to qualify as the sole petitioning creditor where there are less than twelve creditors in all, if the deficit is at least $500.00, even though not yet ascertained by the foreclosure.'' 1 Remington on Bankruptcy (4th Ed.), § 241.

In *In re Morgan,* 39 Fed. (2d) 489, the petitioning creditor, as in the case at bar, was the mortgagee. That mortgagee, as in the case before us, commenced

foreclosure proceedings, and thereafter filed an involuntary petition in bankruptcy against the mortgagor. There were less than twelve creditors. The petitioner alleged that it had a provable claim in excess of five hundred dollars, because the security held for the mortgage of twelve thousand five hundred dollars was not worth more than six thousand dollars, though no sale had yet been had. Holding that the petitioner could initiate the bankruptcy proceeding without waiving its security, and could proceed in the state court to determine what the deficiency would actually be, the court said:

"Title 11 USCA § 103 (a) (1), provides as follows:
" 'Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest.
. . . '

"Under this statute I am convinced that the petitioner had a provable claim at the time of filing the petition, if the facts set forth in the petition are true. The claim of petitioner as against the alleged bankrupt estate is in the nature of a secured claim, making it a 'secured creditor' for a portion of the amount due it on the bond, although the actual amount due him cannot be calculated definitely until after the sale under the foreclosure proceedings; nevertheless, in my opinion, as the records now stand the amount due to it will be in excess of $500. The final adjudication as to the amount due the petitioner will depend upon the amount for which the property is sold under the chancery decree, if purchased by a stranger, or the actual value of the real estate, if purchased by the petitioner. *In re Dix* (D. C. E. D. Pa.) 176 F. 582; *In re Soltmann* (D. C. S. D. N. Y.) 238 F. 241; *In re*

*Isaacs* (C. C. A. 2) 246 F. 820; *In re Thompson* (C. C. A. 3) 284 F. 65. . . .

" 'First. It is contended that the mortgage creditor was required to elect either to rely on his security, or to surrender it, and file his claim for the whole amount of the debt. Under section 57, subsections "a" and "h", of the Bankruptcy Act, as construed by the courts, when the trustee does not elect to redeem by paying the debt, a secured creditor, having the right to sell the security, is not required, in the first instance, to so elect, but he may sell the security and file a claim for the unpaid remainder of his debt. *In re Peacock* (C. C.) 178 F. 851, 24 Am. Bankr. R. 159; *British & American Mortgage Co. v. Stuart*, 210 F. 425, 127 C. C. A. 157, 31 Am. Bankr. R. 544. See, also, the following text-books on Bankruptcy: Collier (10th Ed.) 57e3, p. 726; Black, p. 1184; Loveland, p. 697; and Remington, p. 621. This was the course pursued by this claimant. Its mortgage was foreclosed and the proceeds of the sale credited on account of the bond and the claim filed for the remainder'.' "

*Lung v. Pacific Storage Warehouse*, 123 Wash. 628, 212 Pac. 1081, cited by appellants, is distinguishable on the facts from the case at bar. *In re Platville Foundry & Machine Co.*, 147 Fed. 828, also cited by appellants, does not lend support to appellants' position. It was there held that bankruptcy proceedings did not affect prior valid liens, such as the mortgage lien of the loan association in the case at bar, and that the trustee in bankruptcy takes title to the property at the time of adjudication subject to prior valid liens. If the mortgagee goes into the bankruptcy court with a petition for the payment of his mortgage debt—that was not done in the case at bar—the court would acquire jurisdiction because of the mortgagee's consent. The court said:

"It appears that at the time of the adjudication the bankrupt was in possession of the property which had been mortgaged, and the receiver, afterwards made

trustee, took possession of the property, and that such possession was never disturbed. Section 70a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) provides that the trustee shall be vested with the title of the bankrupt, as of the date of the adjudication, to all property which he could by any means have transferred or which might have been levied upon and sold by judicial process against him. By this provision the trustee takes no better title than the bankrupt had. Liens which were at that time valid against the bankrupt remain undisturbed. . . .

"The bankrupt was lawfully in possession of the mortgaged property, and the possession of the receiver and trustee was likewise lawful; but the lien of the mortgage was not affected in any way by the bankruptcy, as the cases in the Supreme Court clearly show. The mortgagee has in no manner appeared in the bankruptcy proceedings. While there are several decisions in the District and Circuit Courts to the effect that the taking possession of the property by the bankruptcy court operates as a caveat or sequestration of property and makes the holder of a lien a party to the proceeding, yet those cases must be deemed to have been disapproved by the Supreme Court in the rulings cited. While it is true that the possession of the bankruptcy court could not in any way be interfered with by the mortgagee, and also that he could not maintain replevin for the property against the receiver or trustee, yet so long as he does nothing to interfere in any way with the property or its proceeds in the custody of the court he would seem to be entirely within his rights. The mortgagee might come into this court and petition for the payment of the amount of the mortgage debt. In that case this court would have jurisdiction because of the consent of the defendant or petitioner."

After the decree of foreclosure was entered by the superior court for Spokane county, the appellants petitioned the bankruptcy court to stay the sale until determination of the bankruptcy matter. The order was entered. The court said:

"The institution of the bankruptcy proceedings, to which the Fidelity Savings & Loan Association is a party, did bring the property into custodia legis of the bankruptcy court, *effective on adjudication*. . . .

"The sheriff should be restrained from proceeding in the sale of the property brought into the custody of this court by the voluntary act of the Fidelity Savings & Loan Association, petitioning creditor." (Italics ours.) *In re Bekins,* 4 Fed. Supp. 535.

Whether the position taken by the bankruptcy court was correct, is answered by the authorities cited above. It is enough to say that it does not appear there was an adjudication. That being so, the property under the holding of bankruptcy court was not brought into *custodia legis* of that court, such custody being contingent on adjudication. That the restraining order was cancelled, we may assume, as the sale proceeded. The presumption is that such restraining order would not be disobeyed. If there had been an adjudication, surely that fact would have been alleged in the complaint. That the involuntary petition in bankruptcy was dismissed, is admitted. No adjudication resulted.

 Title to the bankrupt's property vests in the trustee in bankruptcy as of the date he was adjudged a bankrupt.

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, . . . ." Title 11 USCA § 110, 32 U. S. Stat. 800.

"It does not appear that the mere filing of a petition in bankruptcy is sufficient to withdraw from creditors and from the process of the state courts all the administrable property of the debtor. The statute provides that the trustee shall be vested with title to the bankrupt's property 'as of the date he was adjudged bankrupt.' It is therefore the adjudication, and not

the filing of a petition, which places the property in the custody or constructive possession of the bankruptcy court, and prevents the state courts from interfering with it." Black on Bankruptcy (4th Ed.) § 80.

In *Robinson v. Kay,* 7 Fed. (2d) 576, a mortgagee started foreclosure proceedings in the territorial courts of Alaska. Between the date of publication of notice of the sale and the date of the sale, an involuntary petition in bankruptcy was filed against the mortgagor. It was there contended that the mortgaged property was in *custodia legis* from and after the filing of the involuntary petition; that the filing of the petition was a *caveat* to all the world; and that the sale thereafter made was null and void. Holding contrary to that contention, the court said:

"It is conceded that the foreclosure sale was made in conformity with the statute of the territory and the power of sale contained in the mortgage, and was in all respects valid, unless invalidated by the mere filing of the involuntary petition in bankruptcy against the mortgagor between the date of publishing the notice of sale and the date of sale. The appellee contends that the mortgaged property was in custodia legis from and after the filing of the involuntary petition; that the filing of that petition was a caveat to all the world, and in effect an attachment and injunction, and that the sale thereafter made was null and void. With this broad contention we are unable to agree. With an exception to be hereafter noted, the facts in the present case are identical with the facts in *Hiscock v. Varick Bank of New York,* 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945. There certain insurance policies, pledged as collateral security to secure the payment of an indebtedness to the bank, were sold by the bank, pursuant to the laws of New York and a power of sale contained in the pledge agreement, after the filing of an involuntary petition in bankruptcy against the pledgor and the day before the adjudication, . . .

"The appellee attempts to distinguish the case at

bar from the *Hiscock* case on the ground that the property involved in the latter was personal property in the possession of the pledgee, whereas the property here involved was real property in the possession of the bankrupt. True, this distinction does exist; but we think it equally true that the difference or distinction was not made the basis for the decision. The decision of the Supreme Court was based upon the broad ground that a valid lien given by the local law, and the means provided for its enforcement by the local law and by the agreement of the parties, are not impaired or taken away by the mere filing of an involuntary petition in bankruptcy. See, also, *In re Rathman*, 183 F. 913, 924, 106 C. C. A. 253; *In re Locust Bldg. Co.* (C. C. A.) 299 F. 756, 768; *First Trust Co. v. Baylor*, 1 F. (2d) 24; *In re Smith* (D. C.) 3 F. (2d) 40.

"We are not here concerned with the power or jurisdiction of a court of bankruptcy to enjoin such sales, as that jurisdiction is given by statute, and does not depend upon the validity or invalidity of the contemplated transfer. Indeed, if such sales are absolute nullities, there would be little necessity for invoking the jurisdiction of the bankruptcy court to stop them, especially where real property is involved."

As to the insistence of the appellants that the filing of the petition in bankruptcy was a *caveat* to all the world, and, in effect, an attachment and injunction, we call attention to the above quotation from *Robinson v. Kay*, 7 Fed. (2d) 576, and the following language of the court in *In re Locust Bldg. Co.*, 299 Fed. 756:

"It is claimed that the property covered by the mortgages herein involved was the property of the bankrupt's estate and was transferred in fraud of the creditors. The filing of a creditor's petition praying for an adjudication in bankruptcy is no doubt a caveat to all the world. It had, as the court declared in *Bank v. Sherman*, 101 U. S. 403, 406, 25 L. Ed. 866, the effect of an attachment and injunction. The bankrupt thereby became for many purposes civiliter mortuus. Those who dealt with its property between the filing of the petition and the final adjudication did so at their peril.

And see *Mueller v. Nugent,* 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405. That doctrine is not questioned in this case. But it has no application to the facts herein involved. The statement that the filing of the petition is 'a caveat to all the world' applies only to parties who have no substantial claim of a title to the property of the bankrupt, or of a lien thereon when the petition in bankruptcy is filed. As to them the filing of the petition is neither a caveat nor an attachment, and creates no lien, and they are unaffected by it at least until the bankruptcy court takes actual possession of the property or in some way makes the claimants parties to the proceeding. *Jaquith v. Rowley,* 188 U. S. 620, 625, 23 Sup. Ct. 369, 47 L. Ed. 620; *Hiscock v. Varick of New York,* 206 U. S. 28, 27 Sup. Ct. 681, 51 L. Ed. 945; *In re Rathman,* 183 Fed. 913, 925, 106 C. C. A. 253.''

The same question presented in the case at bar was before the supreme court of Oregon in *Pacific Savings & Loan Ass'n v. Bekins,* 146 Ore. 385, 29 P. (2d) 816. The loan association commenced proceedings in the state court to foreclose its mortgage on property owned by Bekins. Thereafter, it joined with respondent loan association in the case at bar in filing an involuntary petition in bankruptcy against the mortgagors. While the proceedings were pending in the bankruptcy court, the state court entered its decree of foreclosure, the mortgagors having failed to appear. Thereafter, the mortgagors appeared specially and moved the court to vacate the decree, upon the ground that the jurisdiction of the court had been terminated because of the pendency of the bankruptcy proceedings. This was denied. The mortgagors appealed, and as stated above, the same question was presented to the supreme court of Oregon as is presented to us in the case at bar; that is: Does a state court lose jurisdiction of a foreclosure action commenced prior to the filing of the petition for involuntary bankruptcy

against the mortgagor by the mortgagee for a deficiency which it is alleged will result after the foreclosure sale? The supreme court of Oregon said:

"The mortgage in question was given plaintiff by defendants Daniel and Bertha H. Bekins on November 1, 1927, and at the time the suit was commenced the lien of the mortgage had been in existence for more than five years, and, for that reason, there being no question as to its validity, it was not embraced within the Bankruptcy Act, nor avoided or invalidated by it. And since the suit to foreclose the mortgage had been commenced in the state court before the filing of the petition in bankruptcy, the state court would not have been deprived of its jurisdiction to foreclose the mortgage even though there had been an adjudication of bankruptcy in the bankruptcy proceedings. These facts differentiate the case from *Isaacs v. Hobbs Tie & Timber Co.*, 282 U. S. 734 (51 S. Ct. 270, 75 L. Ed. 645), upon which defendants rely. In that case the suit to foreclose a mortgage was commenced in a state court after proceedings in bankruptcy had been instituted in the federal court. The rule applicable to the facts in this case is stated in *Straton v. New,* 283 U. S. 318 (51 S. Ct. 465, 75 L. Ed. 1060), where the opinion was written by the same justice who wrote the opinion in the *Isaacs* case and where the court said: 'Following these cases the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate. The trustee in bankruptcy may intervene in such suits to protect the interests of the estate.'

"Again, in the same case, the court said: 'Most of the cases cited by the appellees to the effect that the initiation of bankruptcy proceedings confers on the district court jurisdiction to enjoin pending suits in state courts deal with the situation where a lien was acquired within four months of the filing of the peti-

tion, or where, after the filing of the petition an action was begun to enforce a lien valid in bankruptcy. As heretofore noted, there are a few cases which have held that the bankruptcy court may enjoin proceedings, brought prior to the filing of the petition, to enforce valid liens which are more than four months old at the date of bankruptcy; but these cases are contrary to the decisions of this Court and to the great weight of federal authority.'

"In a note to the last-cited case, found in 75 L. Ed., commencing on page 1060, the annotator says: 'As a general proposition the jurisdiction of the bankruptcy court in the administration and settlement of a bankrupt's estate is exclusive, and no state court can assume such jurisdiction or interfere with the jurisdiction of the bankruptcy court. This rule, however, does not embrace enforcement of liens not invalidated or avoided by the Bankruptcy Act, for the enforcement or foreclosure of which proceedings in a state court have been instituted prior to commencement of proceedings in bankruptcy, either within or before the four months' period. In such case the state court has full jurisdiction, and the parties have the right to prosecute to a final disposition the suit pending in the state court at the time of the institution of the bankruptcy proceedings. (In some cases this jurisdiction is spoken of as arising under the principles of comity between the state and bankruptcy courts, as in *Re Marts* (1930, D. C.) 38 F. (2) 283, 15 A. B. R. (N. S.) 293, and in *Re Brinn* (1919, D. C.) 262 F. 527.) And the same rule applies to a proceeding in a state court which itself creates a lien that is not invalidated by the Bankruptcy Act, as, for instance, a suit instituted before the commencement of proceedings in bankruptcy, in which an attachment has been levied more than four months prior to the filing of the petition.'

"The same rule was followed and approved by this court in *Federal Reserve Bank v. Weant*, 113 Or. 1, 231 P. 134. In that case, the suit to foreclose a mortgage had been commenced prior to the proceedings in bankruptcy and it was held that the assignment in bankruptcy did not have the effect of ousting the jur-

isdiction of the state court. That ruling conforms to the great weight of authority, both state and federal.

"Upon other grounds the jurisdiction of the circuit court could not have been terminated by the filing of the petition in bankruptcy. The Bankruptcy Act, 1898, § 70, provides that the trustee shall be vested with title to the bankrupt's property 'as of the date he was adjudged bankrupt.' 'It is therefore the adjudication,' says Black, 'and not the filing of a petition, which places the property in the custody or constructive possession of the bankruptcy court, and prevents the state courts from interfering with it.' Black on Bankruptcy (4th Ed.), section 80."

In the foregoing case, application was made to the supreme court of the United States for writ of certiorari. That application was denied. See United States Law Weekly, October 9, 1934, p. 10.

It would serve no useful purpose to further extend this opinion. The authorities cited to sustain the contention of appellants are either distinguishable on the facts from the case at bar, or are not out of harmony with what we have said.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.